In the Matter of the Estate of FRANK D. MANLEY, Deceased.

Surrogate's Court, Ulster County, April 15, 1950.

*Fowler & Elwyn* for James J. McLaughlin, petitioner.

*Nathaniel L. Goldstein*, Attorney-General (*Thomas F. Saccoman* of counsel), for unknown heirs or next of kin.

*Raymond J. Mino*, special guardian for unknown distributees.

STERLEY, S. This proceeding was brought to determine the claim of James J. McLaughlin for the entire estate of the decedent after the payment of debts and administration expenses. The said claim is based on an agreement under which the decedent agreed to leave his property, by will, to the claimant if he would live with, work and care for him, as long as he, the said Frank D. Manley, lived.

The testimony indicates that in April, 1937, the claimant and the decedent came to the town of Olive, Ulster County, New York, from New York City, where the decedent purchased a farm and from said time, April, 1937, until December, 1937, the claimant assisted the decedent in making improvements to the farm and in the operation thereof. During the month of July in 1937 the claimant was in New York City for several days and under date of July 18, 1937, the decedent wrote the claimant a letter setting forth in writing the offer and promises on which claimant made his claim and that letter which was addressed to the claimant and signed by the decedent referred to the decedent's promises, mentioned the consideration for those promises; that of the claimant's companionship and sets forth the substance of what the decedent promised and agreed to do on his part, to wit: the decedent agreed in case of his death to give McLaughlin practically all of his earthly possessions.

The claimant contends that this letter constitutes a sufficient note or memorandum of the promise and agreement to take the case out of the Statute of Frauds as set forth in section 31 of the Personal Property Law and section 259-a of the Real Property Law and even though some years passed after this letter was written, the offer was never withdrawn and the claimant produced evidence intending to indicate that the claimant herein accepted the decedent's proposition by acts and conduct which were explained by reference to the aforesaid letter of July 18, 1937. From testimony produced by the claimant that the claimant lived with the decedent, Frank D. Manley, until December, 1937, and then the claimant entered the Merchant Marine and served through World War II and continued in that service until late 1945. The claimant then procured a position with the Manufacturers Trust Company in New York City. The evidence further shows that during the spring and summer of 1946 the claimant visited and lived with the decedent over extended weekends, and spent his two weeks' vacation in June with the decedent. The testimony produced by claimant further shows that the decedent was then in failing health and

needed companionship and care and that the offer made by the decedent to the claimant in 1937 was re-established and reaffirmed.

The claimant produced further testimony to show that during the summer of 1946 arrangements were made by the claimant, McLaughlin, and the decedent, Manley, whereby the claimant, McLaughlin, was to return to Olive Bridge, the resident place of the said Frank D. Manley, the decedent, and to live with him, care for him, be a companion to him, and to take care of his property and be of assistance to him in any way possible. The testimony further shows thereafter McLaughlin, the claimant herein, gave up his job in New York City and permanently moved to Olive Bridge in the early fall of 1946 and that from then until January, 1947, when the decedent died, the claimant gave to decedent his full attention and time, except for a job in the Odd Fellows Hall, directly across the road from the decedent's residence which took about two nights a week for a few hours and for which the claimant, McLaughlin, received only a nominal pay. The decedent, Frank D. Manley, was an officer of the Lodge.

The claimant produced several disinterested witnesses who testified upon the hearing, all of which was substantially to the effect that it was the decedent's intention and that he had in fact offered and agreed to leave all his property to the claimant by will on his death, in consideration of the claimant giving up his job, his union membership in New York, leaving his home in that city, coming to the decedent's residence at Olive Bridge and living with him until his death. The testimony shows that the claimant actually took up his residence, lived with and served the decedent until his death in January, 1947.

The oral testimony was produced by disinterested witnesses and seems to clearly establish an oral contract by a preponderance of evidence.

The question remains as to whether or not the letter as referred to in evidence of July 18, 1937, was a sufficient note or memorandum to take the case out of the Statute of Frauds.

It seems clear that neither section 259-a of the Real Property Law nor section 31 of the Personal Property Law being the Statute of Frauds in this case, require that the contract or agreement itself be reduced to writing but merely require that some note or memorandum thereof be subscribed by the party to be charged. In *Friedman & Co.* v. *Newman* (255 N. Y. 340, 344) the court said " Except as evidence of the oral contract, the memorandum has no force or effect unless and until the oral contract

has been established by a preponderance of evidence. Then, if accurate and complete, it prevents the interposition of the Statute of Frauds as a bar to the enforcement of the oral contract.'' Both section 259-a of the Real Property Law and section 31 of the Personal Property Law provide substantially that a contract to devise real property or establish a trust of real property or any interest therein, or every agreement, promise or undertaking is void, unless the contract or some note or memorandum thereof be in writing by the party to be charged therewith or his lawfully authorized agent.

In *Hamlin* v. *Stevens* (177 N. Y. 39, 47, 50) the Court of Appeals said '' Contracts of the character in question have become so frequent in recent years as to cause alarm, and the courts have grown conservative as to the nature of the evidence required to establish them, and in enforcing them, when established, by specific performance. * * * Such contracts should be in writing, and the writing should be produced, or, if ever based upon parol evidence, it should be given or corroborated in all substantial particulars by disinterested witnesses.''

This court is of the opinion that the letter of July 18, 1937, in evidence, is a sufficient memorandum to prevent the interposition of the Statute of Frauds in this case and, following the case above cited (177 N. Y. 39, 47), that the oral contract was not only established by a preponderance of evidence but by clear, direct and undisputed evidence of disinterested witnesses.

Accordingly a decree may be entered directing the payment, transfer and delivery to the claimant, James J. McLaughlin, of the property remaining and shown in the administrator's account as filed in this court and further directing the transfer and conveyance to the claimant, James J. McLaughlin, of the real property of the decedent.