(January 23, 1989)

■ RICHARD BINENFELD, Respondent, v ROBERT BINENFELD, Appellant, et al., Defendant.—In an action, *inter alia,* for partition of real property, the defendant Robert Binenfeld appeals from an interlocutory judgment of the Supreme Court, Orange County (Hunter, R.), entered January 8, 1987, which imposed an equitable lien, and ordered partition and sale of the property.

Ordered that the interlocutory judgment is affirmed, with costs.

This appeal involves a dispute between two brothers over the right to their deceased mother's residence in Orange County. The mother died intestate in 1975, and the two brothers were appointed administrators of her estate. The residence was the major asset of the estate. The appellant Robert Binenfeld, who is the elder brother and a physician, had moved into the house in 1969, and has used it as his home and medical office to the present day. In September 1978 the younger brother, the plaintiff Richard Binenfeld, who had

made no use of the property, commenced this action for partition and sale of the property. The appellant counter-claimed for imposition of a constructive trust of the real property for his own benefit, or for the establishment of an equitable lien in his favor in an amount equal to certain expenditures he allegedly made in connection with the property, which he estimated to be in the vicinity of $90,000.

Pursuant to an order of reference of the Supreme Court, Orange County (Isseks, J.), dated February 25, 1982, the issues in the action were tried before a Referee. After the trial, the Referee determined that the plaintiff and the appellant each had an undivided one-half interest in the premises.

The Referee denied the counterclaim for a constructive trust, granted an equitable lien in favor of the appellant in the amount of $2,417.20, and ordered partition and sale at public auction.

The appellant now contests the denial of the constructive trust, and alternatively seeks a recalculation of the amount of the equitable lien.

We find the appellant's contention that the Referee committed error in not imposing a constructive trust on the property to be without merit. "A constructive trust may be found by a court when a party, because of a confidential relationship, relies upon a promise of another which is later breached resulting in unjust enrichment to the other. * * * The essential ingredients to support the action are that the person damaged must be induced to act to his detriment and the other's unjust benefit because of an abuse of the relationship of trust existing between the two. The language customarily used is that there is 'actual or constructive fraud' in the transaction" *(Fischer v Wirth,* 38 AD2d 611). In the instant case the appellant does not allege that his deceased mother perpetrated an "actual or constructive fraud" upon him, nor does he allege that there existed between himself and the plaintiff, who he alleges is about to be unjustly enriched, a "relationship of trust" that was abused. Indeed, his basic position is that his mother intended to convey the house to him, but failed to do so. Courts have uniformly held that a constructive trust is a " 'fraud-rectifying' remedy rather than an 'intent-enforcing' one" *(Bankers Sec. Life Ins. Socy. v Shakerdge,* 49 NY2d 939, 940). "Although the facts may reveal a case of unrealized expectations, we may not, without more, fashion a constructive trust. * * * Decedent may well have had a moral obligation to give the property to [the defendant]

but such an obligation 'is not enough to set a court in motion to compel the devolution of property in a certain way' " *(Matter of Wells,* 36 AD2d 471, 474).

The appellant next contends that even if he is found to have only an equitable lien, the Referee improperly refused to credit him with the costs of his mother's room, board, laundry, personal services, food, maid services, and household expenses, as well as with his expenditures to maintain, improve and expand the property, including payment of mortgages, interest and utility bills. The appellant has failed, however, to satisfy the burden of a party seeking to reverse a hearing court's findings of fact. We note that the Referee in the instant matter listened to four days of testimony and evaluated a great quantity of documentary evidence in order to reach his decision. As has often been held, "[t]he decision of a fact-finding court * * * should not usually be disturbed on appeal * * * unless it is obvious that its conclusions could not be reached under any fair interpretation of the evidence" *(Matter of Poggemeyer,* 87 AD2d 822, 823). Under a fair interpretation of the evidence, the Referee weighed the value of the rent that the appellant had not paid during the many years that he had occupied the premises against the expenses of property maintenance to which the plaintiff had not contributed, and arrived at a balanced and equitable decision which will not be disturbed on appeal.

The appellant also contends that his mother made an oral promise to leave him her real property, which is enforceable in view of the full performance of his part of the agreement, to care for her until her death; and that her holographic will, introduced into evidence at the hearing, constitutes a sufficient memorandum to satisfy the Statute of Frauds. The appellant's argument is without merit. In *In re Manley's Estate* (96 NYS2d 504), relied upon by the appellant, a letter promising to convey real property and identifying the consideration therefor was found to be adequate to satisfy the Statute of Frauds. No such consideration is specified in the decedent's holographic will in the instant case. Nor does the appellant's "complete performance" of his part of the alleged agreement satisfy the Statute of Frauds, since only full performance by both parties has been held sufficient to avoid the Statute of Frauds *(Pollard v Meyer,* 61 AD2d 766). Part performance of an oral agreement may be deemed adequate for the purpose only if that part performance is "unequivocally referable" to the alleged oral agreement *(Pollard v Meyer, supra).* In the instant case, as the Referee explicitly

noted in his decision dated November 23, 1983, the appellant's support of his mother and improvement of the dwelling that they shared, and in which he had his professional office, were readily attributable to filial affection, and were not "unequivocally referable" to an oral promise by the mother to devise her house to her son. Rubin, J. P., Kooper, Sullivan and Balletta, JJ., concur.