■ In the Matter of DOROTHY M. HORNE, Respondent, v WINDSOR PRICE et al., Constituting the Zoning Board of Appeals of the Village of Skaneateles, Appellants. (Proceeding No. 1.) In the Matter of DOROTHY M. HORNE, Respondent, v CARL FISHER et al., Constituting the Board of Trustees of the Village of Skaneateles, et al., Appellants. (Proceeding No. 2.)— Judgment unanimously affirmed with costs for reasons stated at Supreme Court, Hayes, J. (Appeal from judgment of Supreme Court, Onondaga County, Hayes, J.—art 78.) Present— Callahan, J. P., Denman, Green, Balio and Davis, JJ.

■ KENNETH COHRN, Respondent, v RONALD SADLER, Appellant.—Order unanimously reversed on the law with costs and defendant's motion granted. Memorandum: Plaintiff sued defendant for breach of an alleged contract to purchase plaintiff's dental practice. Special Term erred in denying defendant's motion to dismiss the complaint. There was not a valid contract upon which plaintiff could sue because the parties did not agree on all material terms (see, Patrolmen's Benevolent Assn. v City of New York, 27 NY2d 410, 416) and because the alleged agreement failed to comply with the Statute of Frauds (see, General Obligations Law § 5-701 [a] [1]; § 5-703 [2]). There is no merit to plaintiff's claim, raised for the first time on appeal, that a letter dated October 9, 1987 from plaintiff's attorney to defendant's attorney constitutes a note or memorandum sufficient to avoid the Statute of Frauds because the letter is not signed by the party to be charged (see, General Obligations Law § 5-701 [a] [1]; Long Is. Pen Corp. v Shatsky Metal Stamping Co., 94 AD2d 788). Moreover, the record establishes that the parties did not intend the agreement to be binding until it was reduced to writing and signed by both of them (see, Scheck v Francis, 26 NY2d 466, 470). (Appeal from order of Supreme Court, Erie County, McGowan, J.—dismiss complaint.) Present—Callahan, J. P., Denman, Green, Balio and Davis, JJ.