John **PAIST**, Plaintiff,

v.

**TOWN & COUNTRY CORPORATION, a Massachusetts corporation, and Feature Enterprises, Inc., a New York corporation, Defendants.**

**No. 90 C 1060.**

United States District Court, N.D. Illinois, E.D.

Aug. 21, 1990.

---

## ORDER

NORGLE, District Judge.

Before the court is the motion of defendant Town & Country Corporation ("Town & Country") to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the motion is granted.

## FACTS

Plaintiff, John Paist, an Illinois resident, executed an employment agreement (the "Agreement") in Illinois with Feature Enterprises, Inc. ("Feature"). (The Agreement is attached to Plaintiff's complaint as Exhibit A.) Feature, a New York corporation and subsidiary of Town & Country, a Massachusetts Corporation, manufactures and sells jewelry through salespersons across the country. The Agreement provided that Paist was to act as a salesperson for Feature until February 28, 1990 and was to be paid commissions "in accordance with rates and practices in effect on June 30, 1988 through February 28, 1989." Exhibit A to Complaint, p. 2. Any new commission arrangements negotiated by the parties would be determined in a manner "no less favorable to Paist than as in effect on June 30, 1988." *Id.* Plaintiff alleges that according to the rates and practices in effect on June 30, 1988, "salesmen would receive a commission of 2.0% or 2.5% of the total sales price of jewelry sold by Defendants to commissioned customers within the salesman's territory." Complaint, p. 2. Paist's sales territory consisted of accounts (exclusive of non-commissioned "house accounts") located in Southern and Southwestern states including Texas. Addition-

ally, the Agreement provided that it is to be interpreted under New York law.

In 1988, Gordons Jewelry Corporation ("Gordons"), a Texas based customer of Feature, was a commissioned account on which Paist received commissions. Gordons was later acquired by Zales Corporation, a non-commissioned "house account" (on which Paist did not receive commissions). Subsequently, Feature sold Gordons a large amount of jewelry and refused to pay Paist commissions for those sales.

Paist initiated this action asserting that both defendants breached the Agreement by refusing to pay him commissions for sales by Feature to Gordons. Town & Country has moved, under Fed.R.Civ.P. 12(b)(6), to dismiss this action on the grounds that the commission provision in the Agreement obligates Feature, but not Town & Country, to pay the required commissions.

## DISCUSSION

■ On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim

which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

■ Preliminary, the court must address plaintiff's argument that Town & Country's motion to dismiss should be stricken as untimely because Town & Country answered plaintiff's complaint prior to filing its 12(b)(6) motion.[1] Under Rule 12(b), a motion to dismiss for failure to state a claim upon which relief can be granted "shall be made before pleading if a further pleading is permitted." Technically, plaintiff is correct; Town & Country's motion cannot now be brought under 12(b)(6). However, this technicality has no practical effect here. "A motion to dismiss made after the filing of an answer serves the same function as a motion for judgment on the pleadings and may be regarded as one." *Schy v. Susquehanna Corp.*, 419 F.2d 1112, 1115 (7th Cir.1970); *see also Harris v. WGN Continental Broadcasting Co.*, 650 F.Supp. 568, 572–573 (N.D.Ill. 1986); Fed.R.Civ.P. 12(h)(2) ("A defense of failure to state a claim upon which relief can be granted ... may be made in any pleading permitted or ordered under Rule 7(a) or by motion for judgment on the pleadings, or at the trial on the merits.")

■ Further, where no evidence outside the pleadings is submitted, the standard of a Rule 12(b)(6) motion will be applied to a 12(c) motion. *See Republic Steel Corp. v. Penn. Engineering Corp.*, 785 F.2d 174, 182–183 (7th Cir.1986); *Harris*, 650 F.Supp. at 572–573. Here, no evidence outside the pleading has been submitted.[2] Town & Country's 12(b)(6) motion will therefore be viewed as if it was brought under Rule 12(c)—although for all intents and purposes, this distinction has no bearing on the outcome here.

1. Plaintiff did not file a separate motion to strike but has advanced its arguments in favor of striking the action in its response to the motion.

2. Plaintiff claims that it will be prejudiced if the court construes this motion as a 12(c) motion, arguing that had the motion been labeled a

12(c) motion in the first instance, it could have raised matters outside the pleadings. Response, p. 4, n. 2. However, for the reasons discussed later in this opinion, additional evidence could not have saved plaintiff's legally insufficient claim against Town & Country.

■ Plaintiff's complaint alleges that Town & Country, as well as Feature, has breached the commission provision contained in the Agreement. However, on its face, the Agreement fails to show that Town & Country assumed any obligation to pay plaintiff's commissions. This obligation was only assumed by Feature.

As Town & Country points out in its motion, the parties are defined at the outset of the Agreement: Town & Country Corporation is designated "Town & Country" and Feature Enterprises, Inc. is designated the "Company." Exhibit A to the Complaint, p. 1. Section I of the Agreement, captioned "EMPLOYMENT," goes on to state that the plaintiff is employed by the "Company"—i.e., Feature. This provision makes no mention of Town & Country.[3] Similarly, Section II, captioned "COMPENSATION," states that only Feature agreed to pay plaintiff's commissions.[4]

The only provision in which Town & Country appears to assume any obligation to the plaintiff is on p. 7 of the Agreement which is captioned "COVENANT OF TOWN & COUNTRY." This provision states:

> Town & Country acknowledges the obligations of the Company hereunder and covenants that it will do nothing to interfere with the Company's performance of such obligations during the term hereof.

As Town & Country points out, plaintiff has not alleged that Town & Country interfered with any of Feature's obligations under the Agreement.

■ When the relevant contract language is unambiguous, the court need not look beyond the agreement itself to determine the duties assumed by the parties. *See Grubb & Ellis Co. v. Bradley Real Estate Trust*, 909 F.2d 1050, 1055 (7th Cir. 1990), *quoting LaSalle Nat'l Bank v. Service Merchandise Co.*, 827 F.2d 74, 78 (7th Cir.1987) ("If the language of the contract unambiguously provides an answer to the question at hand, the inquiry is over"); *see also Briarwood Towers 85th Co. v. Guterman*, 136 A.D.2d 456, 523 N.Y.S.2d 98, 101 (N.Y.App.Div.1988) ("In the absence of ambiguity which obscures the intentions of the parties to a contract, the interpretation of a contract and the obligations of the parties thereto are questions of law and not of fact"); *Terry v. Atlas Van Lines, Inc.*, 679 F.Supp. 1467, 1471 (N.D.Ill.1986) ("As a general rule, the construction of a contract is a matter to be determined by the court as a question of law").[5] In view of the unambiguous language of the Agreement, the court concludes as a matter of law that Town & Country did not assume a duty under the Agreement to pay commissions to Paist. Thus, the Agreement attached to the complaint does not support any cause of action alleged by the plaintiff. For these reasons, plaintiff's complaint, as pleaded, fails to state a claim against Town & Country.

■ Plaintiff attempts to salvage some cause of action against Town & Country by arguing that in "reading the Agreement in its entirety and drawing reasonable inferences from the contractual language, a jury could find that Town & Country implicitly or explicitly guaranteed the affirmative obligation of Feature to pay Paist commissions." Plaintiff's Response, p. 7. This argument is irrelevant to the motion before the court. Plaintiff's complaint presently contains no allegations which could be construed as stating a cause of action for breach of implied guarantee. Moreover, "plaintiff cannot simply amend a

---

3. The Company agrees to employ the Employee and the Employee agrees to accept employment and serve the Company upon the terms and conditions hereafter set forth.... Exhibit A to the Complaint, p. 1.

4. The Company agrees to pay the Employee commissions in accordance with rates and practices as in effect on June 30, 1988, through February 28, 1989, and thereafter such commissions shall be negotiated in accordance with the policies of the Board of Directors of the Company, provided however that such commission compensation shall be determined in a manner no less favorable to Employee than as in effect on June 30, 1988. *Id.* at p. 2.

5. Although neither party here has raised a choice of law issue, the same result is obtained whether the court applies New York law (according to the choice of law provision in the Agreement) or Illinois law.

deficient complaint through a response to a motion challenging the pleading." *Maldonado v. Metra,* 743 F.Supp. 563, 567 (N.D. Ill.1990).

Because plaintiff's complaint, as presently pleaded, does not state a cause of action for breach of an implied guarantee, the court need not decide whether the Agreement would indeed support this claim.[6]

## CONCLUSION

Accordingly, Town & Country's motion for judgment on the pleadings is granted and plaintiff's motion for leave to amend its complaint is denied.

IT IS SO ORDERED.

---

**6.** In its Response, plaintiff requests leave to amend its complaint, presumably to add a claim against Town & Country for breach of implied guarantee. Plaintiff's arguments, however, do not persuade this court to grant leave to amend at this point. The court notes that the Agreement contains no guarantee language whatsoever and that plaintiff's Response fails to provide any persuasive case law to support its creative interpretation of the Agreement. If plaintiff later wishes to amend its complaint to add a well grounded claim, the court will consider a renewed motion for leave to amend at that time.