**John PAIST, Plaintiff,**

v.

**TOWN & COUNTRY CORPORATION, a Massachusetts corporation, and Feature Enterprises, Inc., a New York corporation, Defendants.**

**No. 90 C 1060.**

United States District Court,
N.D. Illinois, E.D.

Sept. 13, 1991.

Michael J. Salvi, Peter John Wifler, Salvi, Salvi & Wifler, Lake Zurich, Ill., for plaintiff.

Paula Enid Litt, Schopf & Weiss, Chicago, Ill., Marjorie S. Cooke, Goodwin, Procter & Hoar, Boston, Mass., for defendants.

## ORDER

NORGLE, District Judge.

Before the court are summary judgment motions of defendant Feature Enterprises, Inc. ("Feature") and plaintiff pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the court denies both motions.

## FACTS

Plaintiff, John Paist, was employed as a sales agent for Feature from 1984 until February, 1990. He sold various types of jewelry in Texas and was paid a commission of 2.0% or 2.5% on all orders from commissioned accounts that Feature received from plaintiff's territory.

In August 1988, plaintiff, Feature, and Town & Country Corporation ("Town & Country") entered into an employment agreement.[1] The agreement stated that plaintiff would be paid commissions "in accordance with rates and practices as in effect on June 30, 1988, through February 28, 1989...." That same sentence goes on to discuss a term beyond February 1988 of unspecified length by saying, "and thereafter such commissions shall be negotiated in accordance with the policies of the Board of Directors of the Company, provided however that such commission compensation shall be determined in a manner no less favorable to Employee [Paist] than as in effect on June 30, 1988." The agreement also provided that New York law should control all controversies.[2]

Gordon Jewelry Corporation was an account serviced by plaintiff within his sales territory. Plaintiff received commissions on these sales. Subsequently, Feature's parent corporation converted the Gordon

---

1. This court previously dismissed a portion of plaintiff's complaint alleging that Town & Country, as Feature's parent company, had any obligation to pay commissions under the agreement. *See Paist v. Town & Country Corp.*, 744 F.Supp. 179 (N.D.Ill.1990).

2. Although neither party has raised the choice of law issue, the resolution of this controversy is the same under either New York or Illinois law.

account to a non-commissioned house account.[3] Plaintiff was not consulted prior to this change in account status and substantial sales continued to be generated by the Gordon account after its conversion to a house account. Plaintiff sued as a result of this conversion, claiming it to be contrary to the agreement. Both parties have now moved for summary judgment.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A plaintiff cannot rest on mere allegations of a claim without any significant probative evidence to support his complaint. *Id.; see First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968). "One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims and defenses...." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Accordingly, the non-moving party is required to go beyond the pleadings, affidavits, depositions, answers to interrogatories and admissions on file to designate specific facts showing a genuine issue for trial. *Id.* at 324, 106 S.Ct. at 2553.

■ When determining whether a motion for summary judgment should be granted when questions of contract interpretation are involved, the court should give language its plain meaning and effect. *Thompson v. Gjivoje*, 896 F.2d 716, 721 (2d Cir.1990); *Alpine State Bank v. United States*, 941 F.2d 554, 559–60 (7th Cir.1991) (court must follow meaning of defined terms). Where the contract language is ambiguous, summary judgment is inappropriate. *Bank of Am. Nat'l Trust & Savings Assoc. v. Gillaizeau*, 766 F.2d 709 (2d Cir.1985) (discussing contract releases). Ambiguity resides in a writing when an objective reading reveals more than one possible meaning. *Thompson*, 896 F.2d at 721. However, a mere assertion of ambiguity by the parties will not prevent summary judgment, evidence of a genuine dispute of material fact is necessary. *Garza v. Marine Transp. Lines, Inc.*, 861 F.2d 23, 27 (2d Cir.1988). When ambiguity does exist, summary judgment is inappropriate. *Smith v. Lehman*, 689 F.2d 342, 346 (2d Cir.), *cert. denied*, 459 U.S. 1173, 103 S.Ct. 820, 74 L.Ed.2d 1018 (1983). Parol evidence may be used to clarify an otherwise ambiguous term in the contract. *Burger King Corp. v. Horn & Hardart Co.*, 893 F.2d 525, 528 (2d Cir.1990). All inferences are drawn in favor of the non-movant. *Garza*, 861 F.2d at 27. After reading the agreement and considering the motions and supporting material, the court finds that the contract is ambiguous.

In his motion for summary judgment, plaintiff first contends that the agreement signed by Feature was sufficient to meet the Statute of Frauds. He also alleges that Feature had the right to treat the Gordon account as a house account but only if it did not infringe upon the plaintiff's contract rights.

Feature responds by offering evidence that it is not bound by the agreement in the first place. They reply to plaintiff's second argument by claiming the contract doesn't allow for a commission even if a valid contract was formed since no commissions are paid on a house account.

Feature's motion for summary judgment takes a different tact. First, Feature contends that plaintiff was, at best, entitled to discuss the conversion of an account to a house account but in no way entitled to block the decision to convert. Since Fea-

---

**3.** The stock of Gordon Jewelers was bought by Zales Jewelers. Zales was previously a house account of Feature and its parent Town & Country.

ture had the right to convert the account, so the argument goes, plaintiff cannot contend he was damaged by loss of commissions from that conversion. Second, the rate at which commissions were to be paid after February 28, 1989, was to be determined on June 30, 1988 and not the entire June through February period. Since the Gordon account was not part of plaintiff's territory on June 30, he cannot complain of loss of commissions on that account after that date. Third, Feature contends that plaintiff has not met his burden of proof.

Plaintiff responds that the contract and other evidence indicate that the relevant time period for "rates and practices" is June 30, 1988 through February 28, 1989. Thus, his commission (which included the Gordon account before conversion to a house account) could not drop below its levels of that whole period. By refusing to pay him commissions during the second period of the contract on the new house account, plaintiff contends Feature deprived him of his wages.

## STATUTE OF FRAUDS

■ Plaintiff's first theory for summary judgment is that no genuine issue of material fact exists that Feature is bound to the contract between himself and Feature to satisfy the Statute of Frauds. As Feature notes, it is highly unusual for a plaintiff to assert the Statute of Frauds in a motion for summary judgment. The Statute of Frauds is universally a question of law and only a defense to contract enforcement.[4] *Cohrn v. Sadler,* 147 A.D.2d 922, 537 N.Y.S.2d 366 (1989). However, the court will resolve the issues attempted to be raised in the pleadings.

■ The Statute of Frauds cannot be applied unless the court finds a valid, enforceable agreement. *See Brooklyn Un-*

*ion Gas Co. v. MacGregor's Custom Coach, Inc.,* 122 Misc.2d 287, 471 N.Y.S.2d 470, 476 (1983) (Statute of Frauds only makes an otherwise valid contract voidable). Whether a contract exists in the first place is a question of the intent of the parties. *Central States, Southeast and Southwest Areas Pension Fund v. Gerber Truck Serv., Inc.,* 870 F.2d 1148, 1149–56 (7th Cir.1989) (*en banc*) (following *Robbins v. Lynch,* 836 F.2d 330 (7th Cir.1988)); *Brookhaven Hous. Coalition v. Solomon,* 583 F.2d 584, 593 (2d Cir.1978). It is undisputed that some agreement between Feature and Paist was intended. What is hotly contested is the terms of that agreement as evidenced by the parties' intent.[5] The court finds a genuine issue of material fact exists as to what the terms of the agreement were intended to be, although there was undeniably an agreement.

■ Refusing to grant summary judgment on the question of contract terms does not end the court's inquiry here. The court must also consider whether the Statute of Frauds has been satisfied as both parties have raised the issue in one form or another.

The New York Statute of Frauds requires an agreement to be in writing if the agreement is not capable of completion within one year from the date of making.[6] N.Y.Gen.Oblig. Law § 5–701(a)(1); for Illinois' provision *see* Ill.Rev.Stat. ch. 59, ¶ 1. The agreement need not be in one document, it may be found in a series. *Goldberg v. Colonial Life Ins. Co.,* 284 App.Div. 678, 134 N.Y.S.2d 865, *appeal dismissed,* 308 N.Y. 958, 127 N.E.2d 99 (1954). But some memorandum must be signed by the party charged (in this case Feature), and when taken as a whole the documents must reflect the essentials of the agreement. *Fort Howard Paper Co. v.*

---

**4.** Indeed, Feature has raised the matter as an affirmative defense.

**5.** Feature contends that their agreement with Paist was on an at-will basis (Feature's Response to Plaintiff's Motion for Summary Judgment, p. 9, n. 6) while Paist contends the written agreement controls. Plaintiff's Motion for Summary Judgment, p. 9.

**6.** The court will assume, as the parties have, that the Statute of Frauds applies to the instant case. But the court is also aware that this is not necessarily so. *See, Ohanian v. Avis Rent–A–Car Sys., Inc.,* 779 F.2d 101, 106 (2d Cir.1985).

*William D. Witter, Inc.*, 787 F.2d 784, 791 (2d Cir.1986). There is an exception to the signature rule relevant here—performance of the agreement in whole or part. *Royal Air Maroc v. Servair, Inc.*, 603 F.Supp. 836 (S.D.N.Y.1985) (part performance exception); *Meyers v. Waverly Fabrics, Div. of F. Schumacher & Co.*, 65 N.Y.2d 75, 489 N.Y.S.2d 891, 479 N.E.2d 236 (1985) (full performance exception).

It is uncontested that Feature has not signed the employment agreement. However, two independent items take this agreement outside application of the Statute of Frauds. First, this agreement was at least partially performed by both sides. This by itself is sufficient to meet the Statute of Frauds. *See Binenfeld v. Binenfeld*, 146 A.D.2d 663, 537 N.Y.S.2d 41 (1989). Additionally, plaintiff points to a letter signed by Feature's president which acknowledges the existence of an employment relationship. Feature contends the letter to be a mistake—sent out by the president's secretary who supposedly forged his signature.[7] When examined in conjunction with the part performance by both parties, this court finds the Statute of Frauds to be satisfied.

In sum, the court holds that a genuine issue of material fact exists as to what the terms of the Feature–Paist agreement were, although some agreement was certainly intended. However, there is no question that the Statute of Frauds has been satisfied.

### HOUSE ACCOUNTS

The agreement nowhere contains the phrase "house account." Indeed the entire issue of account conversion is omitted from the agreement. Accordingly, it is impossible to tell how the parties intended house account conversion to be handled without resorting to parol. Yet parol evidence does not clarify the matter. Plaintiff argues that he had to be consulted prior to conversion. He cites the conversion of the Zales and J.C. Penney accounts as examples of where the sales agent was consulted. In both cases the agent's approval was required before the change in status was allowed, and Paist presents the affidavit and deposition testimony of the agents to support this claim. These transactions, Paist claims, formed the basis for the "practices" of house account conversion.

Feature maintains that it had an absolute right to convert this account without permission or consultation from the sales agent. They concede that Paist was not consulted prior to conversion. But they dispute that the agent had to be consulted prior to such a change. Otherwise, so runs the argument, the agent would be given a veto of management authority. That is something they allege Paist himself never believed to be the intended "practice," and they cite his supposed admissions to that effect. From the facts before the court, it is impossible to determine, as a matter of law, that the parties intended one particular meaning. This portion of the agreement is ambiguous and, therefore, summary judgment is inappropriate.

### RATE OF PAYMENT

Equally unclear is the rate at which commissions were to be paid after February 28, 1989. The contract states that plaintiff would be paid in "accordance with rates and practices as in effect June 30, 1988, through February 28, 1989 . . . ." The parties could have meant that commissions could not drop below the rate as of June 30, 1988 (Feature's position). This is a plausible position if the court were to look at only one portion of one sentence of the agreement. Yet it is also plausible to say that the parties intended the baseline to be the commissions for the entire June 30 through February 28 period (plaintiff's position). At the very least, this paragraph when examined as a whole is subject to such an interpretation. It is impossible to say that one is as a matter of law correct.

### CONCLUSION

In sum, the court holds that genuine issues of material fact preclude summary

---

7. No affidavit to this effect was submitted.

judgment for either party under Fed. R.Civ.P. 56(c).

IT IS SO ORDERED.