BRITAMCO UNDERWRITERS, INC.

v.

C.J.H., INC., d/b/a Wheatsheaf Inn and
John Owens and Leonard Owens.

Civ. A. No. 93–CV–4290.

United States District Court,
E.D. Pennsylvania.

March 4, 1994.

R. Bruce Morrison, Conrad J.J. Radcliffe, Marshall, Dennehey, Warner, Coleman and Goggin, Philadelphia, PA, for plaintiff.

Clyde W. Waite, Stief, Waite, Gross, Sagoskin and Gilman, Newtown, PA, for defendant C.J.H., Inc.

Brad W. Williamson, Mychak, Geckle & Welker, P.C., Philadelphia, PA, for defendants Owens.

*MEMORANDUM AND ORDER*

JOYNER, District Judge.

This declaratory judgment action has been brought before the Court by motion of the Plaintiff, Britamco Underwriters, Inc. for judgment on the pleadings. After carefully reviewing the parties' pleadings and the insurance policy at issue in this case, this Court is of the opinion that the Plaintiff's motion must be granted.

## I. *HISTORY OF THE CASE*

This case has its origins in an incident which occurred on November 27, 1990 at the defendant, C.J.H. Inc.'s tavern (the Wheatsheaf Inn), in Morrisville, Bucks County, Pennsylvania. On that date, the defendants John and Leonard Owens were patrons and business invitees at the Wheatsheaf Inn when they were purportedly twice violently and viciously assaulted by two other visibly intoxicated and dangerous patrons. Leonard and John Owens allegedly sustained severe personal injuries as the result of these assaults for which they brought suit against C.J.H., Inc., d/b/a the Wheatsheaf Inn on August 25, 1992 in the Court of Common Pleas of Bucks County, Pennsylvania. According to the complaint filed in that case, the defendant, C.J.H., Inc. was negligent in that its agents, servants, workmen and employees served and continued to serve liquor and alcoholic beverages to the individuals who ultimately assaulted the Messrs. Owens and in that those agents, servants, workmen and employees failed and refused to call the police despite the Owens' repeated requests that they do so.

At the time of this incident, C.J.H., Inc. was insured by plaintiff Britamco Underwriters through the Illinois Insurance Exchange under both a multi-peril policy bearing # DOL 02020 50070 and a separate liquor liability policy bearing # DOL 02124 89498. The multi-peril policy included two conspicuously worded endorsements which excluded coverage for actions to recover damages for assault and battery and for bodily injuries and/or property damage arising out of the insured's sales or service of alcoholic beverages. It is on the basis of these exclusions

that Britamco commenced the instant action [1] to obtain a declaration from the court that no coverage exists and it has no duty to defend or indemnify C.J.H., Inc. under the multi-peril policy for the incident complained of in the Owens' Bucks County suit. The pleadings having been closed on or about December 30, 1993, plaintiff moved for judgment on the pleadings on January 3, 1994.

## II. DISCUSSION

### A. Applicable Standards to Motions for Judgments on the Pleadings under Fed.R.Civ.P. 12(c)

Fed.R.Civ.P. 12(c) outlines the general principles underlying judgment on the pleadings motions. Specifically, that rule states:

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided for in Rule 56 and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56."

It is well settled that in evaluating a Rule 12(c) motion, the court must view the pleadings in the light most favorable to, and draw all inferences in favor of, the non-moving party and thereby grant the motion only if it is beyond doubt that the non-movant can plead and prove no facts that would support his claim for relief. U.S. v. Wood, 925 F.2d 1580, 1581 (7th Cir.1991); Madonna v. U.S., 878 F.2d 62, 65 (2nd Cir.1989). For these reasons, it has been said that Rule 12(c) motions have utility only when all of the material allegations of fact are admitted in the pleadings and only questions of law remain. 5A Wright and Miller, Federal Practice and Procedure: Civil 2d § 1367, 510

(1990). Moreover, since the district court may not look beyond the pleadings and all uncontested allegations to which the parties had an opportunity to respond are taken as true, it has been said that motions for judgment on the pleadings are judged on the basis of the same standards as are applicable to Rule 12(b)(6) motions to dismiss. Institute for Scientific Information, Inc. v. Gordon & Breach, Science Publishers, Inc., 931 F.2d 1002, 1005 (3rd Cir.1991) cert. denied, —— U.S. ——, 112 S.Ct. 302, 116 L.Ed.2d 245 (1991); U.S. v. Wood, supra; Revis v. Slocomb Industries, Inc., 765 F.Supp. 1212, 1213 (D.Del.1991); Paist v. Town & Country Corp., 744 F.Supp. 179, 181 (N.D.Ill.1990).

### B. Propriety of Entering Judgment on the Pleadings in Favor of the Plaintiff Insurer in this Case

In initiating this lawsuit, Britamco has invoked both this Court's diversity jurisdiction and the provisions of 28 U.S.C. § 2201 which provides:

"In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1954 or a proceeding under section 505 or 1146 of title 11, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

The Declaratory Judgment Act is procedural in nature and thus federal law determines whether or not a district court may properly enter a declaratory judgment in a given case. Nationwide Mutual Insurance Co. v. Welker, 792 F.Supp. 433, 439 (D.Md.1992). A federal court sitting in di-

---

1. Notwithstanding its contention that no coverage exists under the multi-peril policy and in conjunction with the liquor liability policy, Britamco did retain counsel to defend and protect C.J.H., Inc.'s interests in the Bucks County case while the coverage issue is being decided. In addition, and although the existence of coverage for the November 27, 1990 incident under the liquor liability policy is not expressly at issue here, Britamco issued a reservation of rights letter to C.J.H., Inc. under that policy as well. See, Paragraphs 15 and 16 of Plaintiff's Complaint and the corresponding paragraphs in Defendants' Answers thereto.

versity, however, must apply the substantive law of the state in which the cause of action arose. *Erie R.R. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Griggs v. Bic Corp.,* 981 F.2d 1429, 1431 (3rd Cir.1992).

■ Accordingly, while federal law will be applied and will control whether or not the court can render a declaratory judgment, state law is to be applied to the underlying substantive issues. *See: State Farm Mutual Auto Insurance Co. v. Conway,* 779 F.Supp. 963 (S.D.Ind.1991); *Louisiana Nevada Transit Co. v. Marathon Oil Co.,* 770 F.Supp. 325 (W.D.La.1991). Under the Declaratory Judgment Act, then, declaratory relief is appropriate where there is a substantial controversy of sufficient immediacy and reality between parties having adverse legal interests. *Id.,* at 328 citing *Maryland Casualty Company v. Pacific Coal & Oil Company,* 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941).

■ Declaratory judgment actions have often been used in Pennsylvania to resolve issues of an insurance company's duty to defend and indemnify. *Harleysville Mutual Insurance Co. v. Madison,* 415 Pa.Super. 361, 609 A.2d 564, 566 (1992). Under Pennsylvania law, an insurer's duty to defend an action is measured, in the first instance, by the allegations in the pleading. *Gene's Restaurant, Inc. v. Nationwide Insurance Co.,* 519 Pa. 306, 548 A.2d 246 (1988). The task of interpreting a contract of insurance is generally performed by a court rather than by a jury, which must read the insurance policy as a whole and construe it according to the plain meaning of its terms. *Safeguard Scientifics, Inc. v. Liberty Mutual Insurance Co.,* 766 F.Supp. 324, 328 (E.D.Pa.1991), modified in part on other grounds, 961 F.2d 209 (3rd Cir.1992); *Bateman v. Motorists Mutual Insurance Co.,* 527 Pa. 241, 590 A.2d 281, 283 (1991); *Standard Venetian Blind Co. v. American Empire Insurance Co.,* 503 Pa. 300, 469 A.2d 563, 566 (1983). Where an ambiguity is found in a provision of an insurance policy, the provision should be construed against the insurer as the drafter of the instrument. *K & Lee Corp. v. Scottsdale Insurance Co.,* 769 F.Supp. 870, 873 (E.D.Pa.

1991). Where, however, the language of a contract of insurance is clear and unambiguous, a court is required to give effect to that language. *Stump v. State Farm Mutual Automobile Insurance Co.,* 387 Pa.Super. 310, 564 A.2d 194, 196 (1989). A provision of an insurance policy is ambiguous if reasonably intelligent people on considering it in the context of the entire policy would honestly differ as to its meaning. *K & Lee Corp. v. Scottsdale Insurance, supra,* at 873; *Terra Nova Insurance Co. v. North Carolina Ted, Inc.,* 715 F.Supp. 688, 691 (E.D.Pa.1989), both citing *Northbrook Insurance Co. v. Kuljian Corp.,* 690 F.2d 368, 372 (3rd Cir.1982).

■ A distinction exists between an insurer's duty to defend and its duty to indemnify. Under Pennsylvania law, an insurer is obligated to defend an insured whenever the complaint filed by the injured party may potentially come within the policy's coverage and the duty to defend remains with the insurer until the insurer can confine the claim to recovery that is not within the scope of coverage. *Pacific Indemnity Co. v. Linn,* 766 F.2d 754, 760 (3rd Cir.1985); *Britamco Underwriters, Inc. v. Stine,* 1992 WL 195378 (E.D.Pa.1992); *United Services Automobile Association v. Elitzky,* 358 Pa.Super. 362, 517 A.2d 982, 985 (1986), *alloc. denied,* 515 Pa. 600, 528 A.2d 957 (1987).

■ In determining whether there exists a duty to defend in a given case, the complaint claiming damages must be compared to the policy and a determination made as to whether, if the allegations are sustained, the insurer would be required to pay a resulting judgment. *Gene's Restaurant v. Nationwide, supra,* 548 A.2d at 246–247 quoting 7C J. Appelman, *Insurance Law and Practice,* § 4683, at 42, 50 (1979). *See Also: St. Paul Surplus Lines Insurance Co. v. 1401 Dixon's, Inc.,* 582 F.Supp. 865, 867 (E.D.Pa.1984). Moreover, if coverage depends upon the existence of facts yet to be determined, the insurer is obliged to provide a defense until such time as those facts are determined, and the claim is narrowed to one patently outside the scope of coverage. Likewise, if some of the allegations in the complaint fall within the terms of coverage

and others do not, the insurer is obliged to defend the entire action against the insured. *Safeguard Scientifics, Inc. v. Liberty Mutual Insurance Co., supra,* 766 F.Supp. at 329 citing, *inter alia, C. Raymond Davis & Sons, Inc. v. Liberty Mutual Insurance Co.,* 467 F.Supp. 17, 19 (E.D.Pa.1979).

■ Finally, when an insurer seeks to deny coverage based upon an exclusion in the policy, it is the insurer's burden to demonstrate that the exclusion applies. Hence, an insurer who refuses to defend a claim potentially within the scope of the policy does so at its own peril. *Bracciale v. Nationwide Mutual Fire Insurance Company,* 1993 WL 323594 (E.D.Pa.1993) citing *Ripepi v. American Insurance Cos.,* 349 F.2d 300, 303 (3rd Cir.1965); *Little v. MGIC Indemnity Corp.,* 649 F.Supp. 1460, 1466 (W.D.Pa.1986), *aff'd,* 836 F.2d 789 (3rd Cir.1987).

■ Although similar, the duty of an insurer to indemnify is somewhat more limited than its duty to defend. While the insurer must defend its insured if the complaint alleges conduct that potentially falls within the scope of the policy, it must indemnify its insured only if liability is found for conduct that actually falls within the scope of the policy. Thus, in cases where the complaint alleges both conduct that comes under the policy and conduct that does not, the insurer must defend the entire action, but it need not indemnify its insured if the conduct for which the insured is found liable does not come within the scope of the policy. *Bracciale,* at 12 citing *Pacific Indemnity Co. v. Linn,* 766 F.2d 754, 767 (3rd Cir.1985) and *Air Products & Chemicals, Inc. v. Hartford Accident & Indemnity Co.,* 707 F.Supp. 762, 776 (E.D.Pa.1989). *See Also: Nationwide Mutual Insurance Co. v. Sedicum,* 1993 WL 544414 (E.D.Pa.1993).

At bar, the plaintiff relies upon both the "Assault and Battery" and the "Liquor Liability" exclusions set forth in its multi-peril policy as support for its contention that no coverage exists for the defendant tavern. Those exclusions state:

## ASSAULT & BATTERY ENDORSEMENT

In consideration of the premium charged for this insurance, the policy to which this endorsement is attached, is amended and modified as follows:

Actions and proceedings to recover damages for bodily injuries or property damage arising from the following are excluded from coverage, and the Company is under no duty to defend or to indemnify an insured in any action or proceeding alleging such damages:

1. Assault and Battery or any act or omission in connection with the prevention or suppression of such acts;

2. Harmful or offensive contact between or among two or more persons;

3. Apprehension of harmful or offensive contact between or among two or more persons; or

4. Threats by words or deeds.

Regardless of degree of culpability or intent and without regard to:

A. Whether the acts are alleged to be by or at the instruction or at the direction of the insured, his officers, employees, agents, or servants; or by any other person lawfully or otherwise on, at or near premises owned or occupied by the insured; or by any other person;

B. The alleged failure of the insured, or his officers, employees, agents or servants, in the hiring, supervision, retention or control of any person, whether or not an officer, employee, agent or servant of the insured;

C. The alleged failure of the insured or his officers, employees, agents or servants to attempt to prevent, bar or halt any such conduct.

This exclusion applies as well to any claims by any other person, firm or organization, asserting rights derived from, or contingent upon, any person asserting a claim excluded under Clauses A, B, or C (above); specifically excluding from coverage claims for:

1. Emotional distress, or for loss of society, services, consortium and/or income;

2. Reimbursement for expenses (including but not limited to medical expenses, hospital expenses, and wages) paid or incurred by such other person, firm or organization;

3. Any obligation to share damages with or repay someone who must pay damages because of the injury.

### *LIQUOR LIABILITY EXCLUSION*

Exclusion (h) of coverage part, L–6416 (1–73) Owner's, Landlords', and Tenants' Liability Insurance Coverage is deleted in its entirety. The following is substituted therefore:

It is agreed that this policy shall not apply to **Bodily Injury** or **Property Damage** for which the **Insured** or his indemnitee may be held liable.

1. as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, by reason of the selling, serving or giving of any alcohol beverage

(a) in violation of any statute, ordinance, or regulation

(b) to a minor,

(c) to a person under the influence of alcohol, or

(d) which causes or contributes to the intoxication of any person; or

2. If not so engaged, as an owner or lessor of premises used for such purposes, by reason of the selling, serving or giving of any alcohol beverage in violation of any statute, ordinance or regulation.

3. The Company shall have no obligation to defend any loss excluded under Items 1 and 2 above against the insured seeking damages by reason of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent.

Plaintiff additionally asserts that no coverage exists for this incident by virtue of the fact that it is not an "occurrence" within the confines and meaning of the subject policy. The relevant language of the policy in this regard is as follows:

**COVERAGE A—BODILY INJURY LIABILITY**

**COVERAGE B—PROPERTY DAMAGE LIABILITY**

The company will pay on behalf of the **insured** all sums which the **insured** shall become legally obligated to pay as damages because of

A. **bodily injury** or

B. **property damage**

to which this insurance applies, caused by an **occurrence** and arising out of the ownership, maintenance or use of the **insured premises** and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the **insured** seeking damages on account of such **bodily injury** or **property damage,** even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgment or settlements.

"Occurrence," in turn is defined under the policy as meaning "an accident, including continuous or repeated exposure to conditions, which result in bodily injury or property damage neither expected or intended from the standpoint of the insured."

Turning then, to the complaint in the underlying Bucks County lawsuit, it is clear that Leonard Owens and John Owens are suing the Wheatsheaf Inn for the injuries which they suffered as the result of having been twice attacked and assaulted by two unidentified, allegedly visibly intoxicated patrons of the Inn. It is equally obvious that the Owens brothers seek to hold the defendant tavern liable for the purported negligence of its employees in serving and continuing to serve liquor to these unidentified patrons and in failing to call the police to quell the disturbance after they were initially attacked, with the result that the Messrs. Owens were assaulted a second time as they were leaving the premises. The conduct

complained of in the underlying action, thus virtually mirrors that of an "assault and battery or any act or omission in connection with the prevention or suppression of such act," which is specifically and unambiguously excluded from coverage under the multi-peril policy's assault and battery endorsement and liquor liability exclusion. Thus, viewing the pleadings in this matter in the light most favorable to the defendants herein and construing the insurance contract at issue according to its plain meaning, we are unable to find any ambiguities or any reason to not give the policy language its full force and effect. Accordingly, we can reach no other conclusion but that no coverage exists under Britamco's Multi–Peril Policy No. DOL 02020 50070 for the Bucks County action commenced by John and Leonard Owens against C.J.H., Inc., and the Wheatsheaf Inn.

C. *Plaintiff's Entitlement to Judgment on the Pleadings as to Defendants' Claims Under the Unfair Insurance Practices Act and the Unfair Trade Practices and Consumer Protection Law*

In response to the plaintiff's declaratory judgment complaint in the instant case, defendant C.J.H., Inc., d/b/a the Wheatsheaf Inn filed a counterclaim for damages under the Pennsylvania Unfair Insurance Practices Act, 40 P.S. § 1171.1, *et seq.* and the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201–1, *et seq.*

■ It is well-settled that Section 7 of the Unfair Insurance Practices Act provides only the Pennsylvania Insurance Commissioner with standing to enforce its provisions and to "examine and investigate the affairs of every person in this State to determine whether the [Act] has been violated." 40 P.S. § 1171.7; *American Standard Life & Accident Insurance Company v. U.R.L., Inc.,* 701 F.Supp. 527, 538 (M.D.Pa.1988); *Hardy v. Pennock Insurance Agency, Inc.,* 365 Pa.Super. 206, 529 A.2d 471, 478 (1987). To be sure, while Section 4 of the Act, 40 P.S. § 1171.4, prohibits unfair or deceptive acts or practices in the insurance business, nowhere in the Act is there any express language authorizing private suits. *Williams v. State Farm Mutual Auto Insurance Co.,* 763 F.Supp. 121, 123–124 (E.D.Pa. 1991). Consequently, it has repeatedly been held that the UIPA does not provide a private citizen with a cause of action against an insurer. *Lombardo v. State Farm Mutual Auto Insurance Co.,* 800 F.Supp. 208, 212 (E.D.Pa.1992); *Strutz v. State Farm Mutual Insurance Co.,* 415 Pa.Super. 371, 609 A.2d 569, 571 (1992), *appeal denied,* 532 Pa. 657, 615 A.2d 1313 (1992).

In light of the foregoing then, and in consideration of the fact that C.J.H., Inc. is obviously *not* the Pennsylvania insurance commissioner, we find that it does not have standing to maintain a cause of action under the UIPA and that judgment on the pleadings is therefore properly entered in favor of the plaintiff on that count of defendant's counterclaim which seeks to assert a cause of action thereunder.

■ Similarly, the provisions of the Unfair Trade Practices and Consumer Protection Law limit private actions under that act to persons who purchase or lease "goods or services primarily for personal, family or household purposes" and thus it has generally been held that cases brought under that law have been limited only to situations in which consumers have purchased goods for their personal use rather than for business purposes. *American Standard Life v. U.R.L., Inc., supra,* at 538. 73 P.S. § 201–9.2(a). Thus, while a private cause of action will lie under the U.T.P.C.P.L. against an insurer based on allegedly unfair or deceptive insurance acts or practices, the insurance being sued upon must have been purchased for a personal, family or household purpose. *Lombardo v. State Farm, supra,* at 212; *Pekular v. Eich,* 355 Pa.Super. 276, 513 A.2d 427, 432 (1986), *alloc. denied,* 516 Pa. 635, 533 A.2d 93 (1987). Where insurance is purchased for business purposes, there will be no standing to assert a private cause of action under § 201–9.2(a) of the U.T.P.C.P.L. *American Standard Life v. U.R.L., Inc.,* at 538. *See Also: Great West Life Assurance Co. v. Levithan,* 834 F.Supp. 858, 863 (E.D.Pa.1993).

Instantly, the pleadings manifest that C.J.H., Inc. purchased the subject multi-peril insurance policy from the plaintiff company to provide coverage for its tavern business and premises on Bristol Pike in Morrisville, Bucks County, Pennsylvania nor does the counterclaim-plaintiff contest or otherwise argue that it purchased the insurance policy in question for either a personal, family or household purpose. Judgment on the pleadings is therefore appropriately rendered in favor of the plaintiff on the U.T.P.C.P.L. claim as well.

For all of the aforementioned reasons, the plaintiff's motion for judgment on the pleadings is granted in all respects pursuant to the attached order.

### ORDER

AND NOW, this 4th day of March, 1994, upon consideration of Plaintiff's Motion for Judgment on the Pleadings, it is hereby ORDERED that the Motion is GRANTED and it is DECLARED that no coverage exists under Britamco's Special Multi–Peril Policy No. DOL 02020 50070 issued to C.J.H., Inc. for the claims raised against it by John Owens and Leonard Owens in the lawsuit now pending in the Court of Common Pleas of Bucks County, Pennsylvania at No. 92–008045 and that Britamco Underwriters, Inc. owes no duty under the Special Multi–Peril Policy to defend or indemnify C.J.H., Inc. in that lawsuit.

IT IS FURTHER ORDERED that C.J.H., Inc.'s Counterclaim against Britamco Underwriters, Inc. is DISMISSED with prejudice for the reasons set forth in the preceding Memorandum Opinion.