18-1248-cv
*Lue v. JPMorgan Chase & Co.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24ᵗʰ day of April, two thousand nineteen.

PRESENT:    RICHARD C. WESLEY,
            DENNY CHIN,
                    *Circuit Judges,*
            LEWIS A. KAPLAN,
                    *District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CANDICE LUE,

            *Plaintiff-Appellant,*

            v.                                                    18-1248-cv

JPMORGAN CHASE & CO., ALEX KHAVIN,
FIDELIA SHILLINGFORD, JOHN VEGA,
HELEN DUBOWY, PHILIPPE QUIX, THOMAS
POZ, CHRIS LIASIS, MICHELLE SULLIVAN,

            *Defendants-Appellees.***

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

---

\*       Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.
\*\*      The Clerk of Court is instructed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT:     CANDICE LUE, *pro se*, Lodi, New Jersey.

FOR DEFENDANTS-APPELLEES:     ANSHEL J. KAPLAN (Robert S. Whitman, *on the brief*), Seyfarth Shaw LLP, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Nathan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Candice Lue, proceeding *pro se*, appeals the district court's judgment entered March 28, 2018, in favor of defendants-appellees JPMorgan Chase & Co. and its employees (collectively, "defendants"), dismissing Lue's employment discrimination and retaliation claims.[1]  By memorandum and order entered March 27, 2018, the district court granted defendants' motion for summary judgment.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

---

[1]     Lue does not reference her state tort claims, hostile work environment claim, or her "aiding and abetting" and "failure to take steps to prevent" claims, except to the extent that she refers this Court to arguments in documents outside her appellate brief.   Hence, we deem these claims abandoned.  *See Lederman v. N.Y.C. Dep't of Parks & Recreation*, 731 F.3d 199, 203 n.1 (2d Cir. 2013) ("Appellants do not preserve questions for appellate review by merely incorporating an argument made to the district court by reference in their brief." (internal quotation marks and alterations omitted)); *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (issues not raised in a *pro se* appellate brief are abandoned).

**I.    *Procedural Matters***

Lue argues that the district court abused its discretion in striking her opposition to summary judgment, imposing page limits on any new submission, and ultimately deeming defendants' summary judgment motion unopposed.   We review the district court's grant of defendants' motion to strike and its imposition of page limits for abuse of discretion.   *See Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006) (motion to strike)[2]; *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 121-22 (2d Cir. 2014) (imposition of page limits).   We likewise consider the district court's deeming defendants' summary judgment motion unopposed -- as we would its grant of default judgment -- for abuse of discretion.   *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 131 (2d Cir. 2011); *see also Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 7-8 (1st Cir. 2007).

Lue submitted a lengthy opposition that was out of proportion to the defendants' motion, including a 198-page memorandum of law in response to defendants' 25 pages.   The district court's decision to strike this submission and to instruct Lue to resubmit her opposition in compliance with a reasonable page limitation

---

[2]    There is some confusion as to whether a district court's grant of a motion to strike is reviewed for manifest error or abuse of discretion.   *Compare Hollander v. Am. Cyanamid Co.*, 172 F.3d 192, 198 (2d Cir. 1999) ("We will not disturb a district court's grant of a motion to strike unless manifestly erroneous."), *with Design Strategy, Inc.*, 469 F.3d at 296 (analyzing motion to strike under abuse of discretion standard).   Because we conclude that the district court's decision to strike Lue's opposition survives the more lenient abuse of discretion standard, we need not resolve this inconsistency here.

was not an abuse of discretion.  Although Lue argues that the court's page limits would have prevented her from presenting "ninety percent" of her arguments, she made no attempt to comply with the district court's instructions and has not shown that she could not adequately oppose summary judgment within the court's limits. Contrary to Lue's argument on appeal, the district court did not impose page limits on affidavits or other evidence.  Lue's argument regarding retroactive application of individual rules of practice is similarly meritless; the district court struck her filings as "overly burdensome" and not for failure to comply with these rules, and the record reflects that Lue was served with defendants' motion to strike.  Under these circumstances, the district court's decision to strike Lue's submission and impose page limits was well within the range of permissible decisions.[3]

The district court did not abuse its discretion in deeming defendants' summary judgment motion unopposed, given Lue's repeated failure to submit a compliant opposition.  Lue failed to file an opposition in compliance with the court's orders, despite eight extensions of time to comply and five warnings of the consequence of continued noncompliance.  *See* Fed. R. Civ. P. 83(b).  "[A]ll litigants, including pro ses, have an obligation to comply with court orders.  When they flout that obligation

---

[3]     Lue claims judicial bias because the district court struck her opposition, referred the case to mediation, and declined to enter default judgment in her favor.  She also asserts, incorrectly, that the district court misquoted her in an order.  These arguments fail because the adverse rulings alleged here do not support a claim of judicial bias.  *See Zuhua Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009).

4

they, like all litigants, must suffer the consequences of their actions.   Here, [Lue] was clearly warned about the consequences that would follow if [s]he disobeyed the court's order."  *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988); *see also LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 211 (2d Cir. 2001) ("[I]n cases such as these, resolutions on summary judgment (with defendant's Rule 56.1 statements deemed admitted by plaintiff) are generally to be preferred to dismissals under Rule 41(b).").   Accordingly, the district court did not abuse its discretion in deeming the motion unopposed.

## II.    *Summary Judgment*

"We review *de novo* the award of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences and resolving all ambiguities in its favor."  *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018) (internal quotation marks and alterations omitted).   Nevertheless, the non-moving party may not rely upon "conclusory statements or mere allegations"; she must "go beyond the pleadings, and by . . . her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial."  *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002) (internal quotation marks omitted).   Where a motion for summary judgment is unopposed, summary judgment is proper only if the court is satisfied that the moving

5

party has met its burden with sufficient support in the record evidence. *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

We note that although defendants' motion for summary judgment was deemed unopposed, the district court afforded "additional care" to Lue's position because of her status as a *pro se* litigant, and because extra caution should be exercised in "granting summary judgment to an employer when its intent is at issue." *See Lue v. JPMorgan Chase & Co.,* No. 16-cv-3207, 2018 WL 1583295, at \*5 (S.D.N.Y. Mar. 27, 2018). In addition, the district court relied only on defendants' factual assertions that were independently supported by evidence in the record. *Id.* at \*2.

### A.    *Disparate Treatment*

The district court properly granted summary judgment on Lue's disparate treatment claims because the record does not contain evidence from which a reasonable jury could find that an adverse employment action took place under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Littlejohn v. City of New York*, 795 F.3d 297, 307, 312 (2d Cir. 2015). The district court did not, as Lue contends, improperly rely on her supervisor's race to conclude that Lue had not experienced discrimination. *See Feingold v. New York*, 366 F.3d 138, 155 (2d Cir. 2004) (noting that courts may not apply a "conclusive presumption" that employers will not discriminate against members of their own race). Indeed, the district court also considered that Lue's white predecessor received the

6

same assignments as Lue and was subject to the same requirements to work from home; the same person made both the decision to hire Lue and the decision to fire her; and the lack of evidence of similarly situated employees who were treated more favorably or specific statements suggesting that defendants' actions were racially motivated. *Lue*, 2018 WL 1583295, at \*6-7. Although the evidence shows that Lue repeatedly complained that defendants' actions were discriminatory, no other evidence in the record supports a racial motivation. The district court correctly concluded that such evidence was insufficient for Lue's disparate treatment claims to survive a motion for summary judgment. *See Davis*, 316 F.3d at 100.

## B. *Retaliation*

Lue failed to show that a genuine issue of material fact existed with respect to her retaliation claim. A plaintiff alleging retaliation must show a causal connection between her complaints of discrimination and the defendant's actions. *See Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996). Lue makes a conclusory allegation of retaliatory intent, but the only evidence she cites in support is the fact that some of the adverse actions followed her complaints of discrimination. "Where timing is the only basis for a claim of retaliation, and gradual adverse job actions began well before the plaintiff had ever engaged in any protected activity, an inference of retaliation does not arise." *Slattery v. Swiss Reinsurance Am. Corp.*, 248 F.3d 87, 95 (2d Cir. 2001). Here, the record shows that defendants' criticisms of Lue's

communication style and her response to feedback predated her complaints of discrimination. Therefore, in the absence of other evidence of an intent to retaliate, we conclude that the district court properly granted summary judgment on Lue's retaliation claim. *See id.*

We have considered all of Lue's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court