14-1561-cv
Suares v. Cityscape Tours, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand fifteen.

PRESENT:  REENA RAGGI,
          RICHARD C. WESLEY,
          GERARD E. LYNCH,
                    *Circuit Judges.*

------------------------------------------------------------------------

DENISE O. SUARES,

                    *Plaintiff-Appellant,*

          v.                                        No. 14-1561-cv

CITYSCAPE TOURS, INC., dba City Sights New York; JAD TRANSPORTATION, INC., dba City Sights New York; CITY SIGHTS NEW YORK LLC; CHANDRASHEKAR SINGH,

                    *Defendants-Appellees.*[*]

------------------------------------------------------------------------

FOR APPELLANT:        Regina Felton, Felton & Associates, Brooklyn, New York.

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

1

FOR APPELLEES:        Christopher A. D'Angelo and Debra Kobrin Levy, Vandenberg & Feliu, LLP, New York, New York, *for* Cityscape Tours, Inc. and JAD Transportation, Inc.

Stanley L. Goodman, Fox Rothschild LLP, Roseland, New Jersey, *for* City Sights New York LLC.

Chandrashekar Singh, <u>pro se</u>, South Ozone Park, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Alison J. Nathan, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 7, 2014, is AFFIRMED.

Plaintiff Denise O. Suares appeals from an award of summary judgment in favor of defendants Cityscape Tours, Inc. ("Cityscape"), JAD Transportation, Inc. ("JAD," and collectively with Cityscape, the "JAD Defendants"), City Sights New York LLC ("City Sights"), and Chandrashekar Singh ("Singh"). Suares contends that the district court erred (1) by denying her summary judgment motion for failure to comply with Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1"); (2) by deeming admitted the facts in defendants' Local Rule 56.1 statements; and (3) in holding that City Sights was not Suares's employer. We review the district court's adherence to Local Rule 56.1 for abuse of discretion, <u>see</u> <u>Holtz v. Rockefeller & Co.</u>, 258 F.3d 62, 73 (2d Cir. 2001), and its summary judgment award <u>de novo</u>, <u>see</u> <u>Chabad Lubavitch of Litchfield Cnty., Inc. v. Litchfield Historic Dist. Comm'n</u>, 768 F.3d 183, 192 (2d Cir. 2014). We assume the

parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Denial of Plaintiff's Summary Judgment Motion

Local Rule 56.1 requires a party moving for summary judgment to submit a "short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried" and requires that each numbered paragraph be supported "by citation to evidence" in the record. Local Rule 56.1(a), (d). It further puts litigants on notice that "[f]ailure to submit such a statement may constitute grounds for denial of the motion." Local Rule 56.1(a). Plaintiff's Local Rule 56.1 statement contained no record citations. See J.A. 751–53. The district court therefore acted within its discretion in denying plaintiff's motion. See Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003) (holding that "unsupported assertions [in a Local Rule 56.1 statement] must . . . be disregarded"); Holtz v. Rockefeller & Co., 258 F.3d at 73 ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules . . . [and] is not required to consider what the parties fail to point out in their Local Rule 56.1 statements . . . ." (internal quotation marks omitted)). At any rate, the record evidence in no way justifies any contention that summary judgment for the plaintiff was appropriate. To the contrary, as noted below, the record warrants summary judgment for defendants.

3

2.    Deeming Defendants' Local Rule 56.1 Statements Admitted

Local Rule 56.1 requires a party opposing summary judgment to submit a counterstatement with numbered paragraphs corresponding to each paragraph in the moving party's statement. See Local Rule 56.1(b). The rule states that each paragraph of the movant's statement that is not "specifically controverted by a correspondingly numbered paragraph in" the counterstatement "will be deemed to be admitted for purposes of the motion." Local Rule 56.1(c). Here, plaintiff did not submit a counterstatement and, thus, failed to controvert any paragraphs in defendants' statements. Moreover, plaintiff has not identified any paragraphs in defendants' Local Rule 56.1 statements that are not supported by citations to admissible evidence. See Giannullo v. City of New York, 322 F.3d at 140. Although plaintiff contends that paragraph 12 of the JAD Defendants' Local Rule 56.1 statement is unsupported by its citations, that contention is belied by the record. See JAD Defs.' Local Rule 56.1 Statement ¶ 12, J.A. 19 (stating Singh was fired and citing disciplinary form and affidavit); J.A. 353 (disciplinary form regarding Singh with box checked for termination); J.A. 500 (affidavit recounting Singh's firing).[1] Accordingly, the district court acted within its discretion in deeming all facts in

---

[1] The district court admonished plaintiff for misrepresenting facts. See Suares v. Cityscape Tours, Inc., No. 11 Civ. 5650 (AJN), 2014 WL 969661, at *4 n.1 (S.D.N.Y. Mar. 12, 2014). Nevertheless, plaintiff and her attorney, Regina Felton, have repeated on appeal the same misleading statements they made below. See Appellant's Br. 19 n.1. In addition, plaintiff's contention that the documentary proof of termination was only a "'Warning' for inappropriate behavior," id. at 17, is simply untrue, see J.A. 353. We remind plaintiff and Ms. Felton that bad-faith litigation conduct is sanctionable. See Chambers v. NASCO, Inc., 501 U.S. 32, 46–47 (1991); accord Ransmeier v. Mariani, 718 F.3d 64, 68 (2d Cir. 2013); see also Fed. R. App. P. 46(c).

4

defendants' Local Rule 56.1 statement admitted.   See T.Y. v. N.Y.C. Dep't of Educ., 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible.").   Those facts clearly demonstrate that defendants met their burden to demonstrate that no genuine issue of material fact existed as to any of plaintiff's claims, and that summary judgment in favor of defendants was therefore appropriate.

3.      City Sights's Liability

Plaintiff argues that the district court incorrectly held that City Sights was not Suares's employer and therefore was not liable on any of her claims.   Plaintiff does not, however, meaningfully challenge the district court's independent holding that all of her claims fail even against an employer.   See LoSacco v. City of Middletown, 71 F.3d 88, 92 (2d Cir. 1995) (holding that issues not raised on appeal are abandoned); accord Sledge v. Kooi, 564 F.3d 105, 106 n.1 (2d Cir. 2009).   Under these circumstances, summary judgment in favor of City Sights would stand whether or not it might be considered plaintiff's employer, and we, therefore, need not reach the issue.

We have considered plaintiff's remaining arguments and conclude that they are without merit.   We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5