*Bryant v. Iheanacho, et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of September, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> DENNY CHIN,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

_____

PATRICK BRYANT,

> *Plaintiff-Appellant*,

> v.                                                                              20-2256

THEDDEUS IHEANACHO, ABID IQBAL KHAN, AND BRUNSWICK HOSPITAL CENTER, INC.,

> *Defendants-Appellees*.[*]

_____

For Plaintiff-Appellant:                          WILLIAM M. BROOKS, Touro Law Center, Central Islip, New York; and CORY H. MORRIS, Law Office of Cory H. Morris, Dix Hills, New York

---
[*] The Clerk of Court is respectfully directed to amend the official caption as set forth above.

1

For Defendants-Appellees:           BRIAN E. LEE and JOHN FRANCIS YOON, Bartlett LLP,
                                    Central Islip, New York; and GREG M. MONDELLI,
                                    Lewis Johs Avallone Aviles LLP, Islandia, New York

Appeal from a judgment of the United States District Court for the Eastern District of New York (Spatt, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Patrick Bryant appeals from the district court's grant of the Defendants-Appellees' motion for summary judgment, dismissing Bryant's claims under 42 U.S.C. § 1983 and New York state medical malpractice law. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\*       \*       \*

"We review *de novo* the award of summary judgment, construing the evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences and resolving all ambiguities in its favor." *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018) (internal citations, quotation marks, and alterations omitted). "Summary judgment is appropriate only where 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). "It is a bedrock rule of civil procedure that a district court generally cannot grant summary judgment based on its assessment of the credibility of the evidence presented." *Frost v. New York City Police Dep't*, 980 F.3d 231, 245 (2d Cir. 2020) (internal quotation marks omitted). In *Jeffreys v. City of New York*, 426 F.3d 549 (2d Cir. 2005), however, we "recognized a narrow exception 'in the rare circumstance where the plaintiff relies almost exclusively on his own testimony, much of which is contradictory and incomplete.'" *Frost*, 980 F.3d at 245 (quoting *Jeffreys*, 426 F.3d at 554). "In such an extraordinary case, . . . 'it

2

will be impossible for a district court to determine whether the jury could reasonably find for the plaintiff, and thus whether there are any genuine issues of material fact, without making some assessment of the plaintiff's account.'" *Id.* (quoting *Jeffreys*, 426 F.3d at 554). We note also that the mere existence of some evidence may not be enough to defeat summary judgment, as "[a] grant of summary judgment is proper" where a nonmovant's supporting evidence "is so slight that no rational jury could" find in his favor. *Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994).

The parties agree, in light of our decisions in *McGugan v. Aldana-Bernier*, 752 F.3d 224 (2d Cir. 2014), and *Doe v. Rosenberg*, 166 F.3d 507 (2d Cir. 1999), that the Defendants-Appellees would not be state actors for purposes of § 1983 and would not be liable for medical malpractice if Drs. Theddeus Iheanacho ("Iheanacho") and Abid Iqbal Kahn ("Khan") personally evaluated Bryant. The parties' dispute on appeal is limited to the question of whether any such independent medical evaluation ever occurred. Viewing the parties' submissions in the light most favorable to the Plaintiff-Appellant, Bryant has failed to demonstrate that there is a genuine issue of material fact as to whether Iheanacho and Khan personally evaluated him. As evidence that the defendants never evaluated him, Bryant offers only his own inconsistent and largely uncorroborated statements. While in certain circumstances an uncorroborated affidavit can be sufficient to defeat summary judgment, *see Danzer v. Norden Systems, Inc.*, 151 F.3d 50 (2d Cir. 1998) (holding that uncorroborated affidavit created issue of fact precluding summary judgment), those circumstances do not exist here. Although Bryant at certain points denied being evaluated by Iheanacho and Khan, he admitted "that Dr. Iheanacho, *when evaluating the plaintiff*, concluded that [Bryant] had thoughts that were not based in reality." Joint App'x at 670 (emphasis added). In addition, Bryant's expert witness testified at his deposition that, based on his review of the

medical records and deposition testimony, he believed Bryant was seen by both Iheanacho and Khan. Joint App'x at 352–53. Further, Bryant's alternative chronology purports to involve multiple other individuals, none of whom present any testimony or affidavits to corroborate Bryant's story. The Defendants-Appellees' affidavits, by contrast, are supported by detailed hospital records that record Iheanacho and Khan's impressions of Bryant at the time of his two evaluations, including the assessment that Bryant appeared disheveled and perplexed at the time of his initial evaluation, that his speech was illogical, and that he was in need of immediate hospitalization. In sum, this is the "extraordinary case" that *Jeffreys* contemplates. Given the extensive documentary evidence submitted by the Defendants-Appellees and the inconsistent character of Bryant's threadbare assertion that he was not evaluated, no reasonable juror could credit Bryant's account.

The Defendants-Appellees have demonstrated that there is no genuine issue of material fact as to whether Iheanacho and Khan personally evaluated Bryant, and thus that there is no genuine issue of material fact that Bryant's involuntary commitment was not the product of state action, dooming Bryant's § 1983 claim. *McGugan*, 752 F.3d at 229. Additionally, since the sole argument that Bryant advances in support of his medical malpractice claim is that "the physicians' failure to conduct evaluations of him constituted malpractice," that claim fails as well. Appellant's Brief at 18. Accordingly, the district court did not err in granting the Defendants-Appellees' motion for summary judgment.

We have considered Bryant's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4