21-429-cv
Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**


At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of January, two thousand twenty-two.

Present:     ROSEMARY S. POOLER,
             DENNY CHIN,
             SUSAN L. CARNEY,
                  *Circuit Judges*.

_____

MORTGAGE RESOLUTION SERVICING, LLC, 1ST FIDELITY LOAN SERVICING, LLC, S&A CAPITAL PARTNERS, INC.,

                  *Plaintiffs-Appellants*,

               v.                                                    21-429-cv

JPMORGAN CHASE BANK, N.A., CHASE HOME FINANCE, LLC, JPMORGAN CHASE & CO.,


                  *Defendants-Appellees*.

_____

Appearing for Appellant:     Roberto L. Di Marco, Foster, Walker, & Di Marco, P.C., Malden, MA.

Appearing for Appellee:      Christian J. Pistilli, Covington & Burling LLP (Robert D. Wick, S. Conrad Scott, *on the brief*), Washington, D.C.

Appeal from the United States District Court for the Southern District of New York (Swain, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order and judgment of said District Court be and it hereby is **AFFIRMED**.

Mortgage Resolution Servicing, LLC, 1st Fidelity Loan Servicing, LLC, and S&A Capital Partners, Inc. (collectively, "Plaintiffs") appeal from the January 22, 2021 order and judgment of the United States District Court for the Southern District of New York (Swain, *C.J.*) denying Plaintiffs' motion for reconsideration. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Plaintiffs' notice of appeal ("NOA"), by its plain language, seeks to appeal the district court's January 22, 2021 order denying Plaintiffs' motion for reconsideration. The NOA seeks review of the district court's order entered on January 22, 2021, that "after review, denied Plaintiffs' motion for reconsideration of the Court's judgment entered on September 30, 2019, that granted Defendants' motions for partial summary judgment and to exclude expert witness testimony and denied Plaintiffs' motions for summary judgment, which dismissed and closed the case." App'x at 299. Defendants JPMorgan Chase Bank, N.A., Chase Home Finance, LLC, and JPMorgan Chase & Co. (collectively, "Defendants" or "Chase") argue that this language indicates that Plaintiffs appealed only from the order denying the motion for reconsideration, and we should thus limit our review.

A notice of appeal must "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). This requirement is jurisdictional. *Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012). However, "it is well settled that courts should apply a liberal interpretation to that requirement." *Elliot v. City of Hartford*, 823 F.3d 170, 172 (2d Cir. 2016) (citing *Conway v. Village of Mount Kisco*, 750 F.2d 205, 211 (2d Cir. 1984)). We "'liberally construe notices of appeal where the appellant's intention is discernable, such as where a notice of appeal from a judgment was filed and withdrawn because of a pending motion to amend the judgment, and the subsequent notice of appeal mentioned only the denial of the motion to amend and not the judgment itself." *PHL Variable Ins. Co. v. Town of Oyster Bay*, 929 F.3d 79, 87 (2d Cir. 2019) (internal quotation marks). Further, we "generally treat an appeal from a denial of a motion for reconsideration that largely renews arguments previously made in the underlying order as bringing up for review the underlying order or judgment." *Van Buskirk v. United Grp. Of Cos., Inc.*, 935 F.3d 49, 52 (2d Cir. 2019).

Here, liberally construed, Plaintiffs' NOA appeals from the district court's judgment entered September 30, 2019. The NOA states that Plaintiffs appeal from the order denying Plaintiffs' motion for reconsideration of the Court's "judgment entered on September 30, 2019." Plaintiffs' motion did not seek reconsideration of the September 30 judgment but rather the "portion of" the September 27 order that "grant[ed] summary judgment in favor of the Defendants on the grounds that Plaintiffs failed to raise a triable issue of fact as to the existence of damages." Accordingly, by its plain language, the NOA describes a motion for reconsideration that Plaintiffs did not make. However, by mentioning the "judgment entered on

September 30, 2019…which dismissed and closed the case," Plaintiffs have evinced an intent to appeal from the grant of summary judgment in favor of defendants. We thus proceed with that review.

We review a district court's grant of summary judgment de novo. *Process Am., Inc. v. Cynergy Holdings, LLC*, 839 F.3d 125, 133 (2d Cir. 2016). "Summary judgment is proper 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). We construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018).

First, Plaintiffs argue that that the district court erred in granting summary judgment on the breach of contract claims by failing to apply the continuing violations doctrine, which is an equitable tolling doctrine that extends the period for timely filing certain claims. Both parties agree that the Florida statute of limitations applies here. Florida's relevant statute of limitations requires a breach of contract claim to be filed within five years of accrual, and an action based in fraud to be filed within four years. Fla. Stat. § 95.11(2)(b), (3)(j). Plaintiffs do not dispute that the breach of contract claims accrued on or before February 25, 2009, and they do not contend that those claims would be timely absent the application of the continuing violations doctrine.

Defendants argue that Plaintiffs waived their continuing violations doctrine argument by not raising the argument before the district court. We agree. In opposing summary judgment below, Plaintiffs relied on other equitable tolling arguments in arguing that their claims were timely. However, the district court rejected these equitable tolling doctrines, finding there was no reason that Plaintiffs could not have filed their claims prior to the expiration of the statute of limitations. *Mortg. Resol. Servicing, LLC, v. JPMorgan Chase Bank, N.A*., No. 15 CV 293-LTS-RWL, 2019 WL 4735387, at *7 (S.D.N.Y. Sept. 27, 2019). Plaintiffs do not argue that the district court erred in rejecting their equitable tolling arguments. Instead, Plaintiffs argue only that the district court erred in not considering an argument Plaintiffs did not make: that their claims were timely under the continuing violations doctrine.

It is a "well-established general rule that a court of appeals will not consider an issue raised for the first time on appeal." *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 118 (2d Cir. 2021). Nevertheless, an appellate court has discretion to consider arguments not raised below "to avoid a manifest injustice or where the argument presents a question of law and there is no need for additional fact-finding." *Universal Church v. Geltzer*, 463 F.3d 218, 228 (2d Cir. 2006) (quoting *Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 114 (2d Cir. 2005)). Plaintiffs concede that they failed to argue the continuing violations doctrine before the district court and make no argument here that a manifest injustice would result if we failed to consider this argument. Therefore, we will not consider the continuing violations doctrine as Plaintiffs have waived this argument.

Plaintiffs next argue that the district court applied the wrong standard in dismissing their breach of contract claim and erroneously required them to prove the actual amount of damages. Under New York law, "a breach of contract claim requires proof of (1) an agreement, (2) adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages." *Fischer & Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011). A plaintiff need only

demonstrate "a stable foundation for a reasonable estimate of the damage incurred as a result of the breach." *Tractebel Energy Mktg., Inc. v. AEP Power Mktg., Inc.*, 487 F.3d 89, 110-11 (2d Cir. 2007) (citation and internal quotation marks omitted). Damages, however, "must be not merely speculative, possible, and imaginary, but they must be *reasonably certain* and such only as actually follow or may follow from the breach of the contract." *Id*. (citations omitted). "'Certainty,' as it pertains to general damages, refers to the *fact* of damage, not the amount." *Id.*

A review of the district court's opinions and the record shows that the issue was not that district court required the plaintiffs to establish a certain amount of damages; the issue was that Plaintiffs could not show they had been damaged at all. *Mortg. Resol. Servicing, LLC*, 2019 WL 4735387, at *11-12. The district court stated that there were "admitted evidentiary gaps," and reviewed Plaintiffs' arguments as to how they had been damaged, highlighting how Plaintiffs' general claims of damage did not accord with any evidence in the record. *Id.* at * 12. The district court found Plaintiffs also failed to adduce any evidence that they incurred litigation and operating expenses. *Id.* The district court concluded that "[b]ecause Plaintiffs have failed to come forward with evidence from which a jury could infer that they were injured as a result of Chase's issuance of debt forgiveness letters, recordation of lien releases, or retention of borrower payments, Plaintiffs' remaining breach of contract claims are dismissed." *Id.* We agree with the district court that the record does not support Plaintiffs' claim that they incurred damages, and that such a showing was necessary to survive summary judgment.

Finally, Plaintiffs argue that they should have been allowed to seek nominal damages and the district court erred by not granting them. However, Plaintiffs did not request nominal damages below and so this argument is waived. *See Sacerdote*, 9 F.4th at 118.

We have considered the remainder of Plaintiffs' arguments and find them to be without merit. Accordingly, the order and judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4