21-1971-cv
*Wilson v. New York and Presbyterian Hospital*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand twenty-two.

Present:

> JOHN M. WALKER, JR.,
> WILLIAM J. NARDINI,
> BETH ROBINSON
> *Circuit Judges*.

_____

MICHAEL WILSON,

> *Plaintiff-Appellant,*

v.                                                                          21-1971-cv

NEW YORK AND PRESBYTERIAN HOSPITAL,
DBA NEW YORK-PRESBYTERIAN HOSPITAL,

> *Defendant-Appellee.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | JASON A. GILBERT, Gilbert Law Group, Melville, NY. |
| For Defendant-Appellee: | JOHN HOUSTON POPE (James S. Frank and Adriana S. Kosovych, *on the brief*), Epstein Becker & Green, P.C., New York, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Roslynn R. Mauskopf, *Judge*), entered on July 16, 2021.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED** in part and **VACATED** in part.

Plaintiff-Appellant Michael Wilson sued his former employer, New York and Presbyterian Hospital (NYP), alleging retaliation for reporting a violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3); retaliation for reporting violations of Sections 201-d and 215 of the New York Labor Law (NYLL); and hostile work environment, sexual harassment, and retaliation in violation of the New York State Human Rights Law (NYSHRL) Section 296 *et seq*. The district court granted summary judgment to the hospital. Wilson appeals. This Court reviews a grant of summary judgment *de novo*. *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018). We assume the parties' familiarity with the case.

Wilson argues that the court erred in excluding as hearsay several of his affidavits, including notes he took while employed at NYP and emails he sent to human resources representatives. Because Wilson raises these arguments only in his reply brief, he has waived them. *See Connecticut Bar Ass'n v. United States*, 620 F.3d 81, 91 n.13 (2d Cir. 2010). And in any event, he is incorrect: Wilson has made no showing that his emails were business records of the hospital under Federal Rule of Evidence 803(6)(B), nor that his notes were "present sense impression[s]" under Rule 803(1).

Turning to the merits, retaliation under the FLSA, the NYSHRL, and the NYLL[1] follows the *McDonnell Douglas* burden-shifting framework. *See Mullins v. City of New York*, 626 F.3d

---

[1] The district court found that Wilson's claim under NYLL § 201-d was preempted by federal law. We agree. *See Domnister v. Exclusive Ambulette, Inc.*, 607 F. 3d 84, 89 (2d Cir. 2010) ("[W]hen an activity is arguably subject to [§] 7 or [§] 8 of the [NLRA], . . . courts must defer to the exclusive competence of the National Labor Relations Board." (alterations in original)).

47, 53 (2d Cir. 2010) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)) (FLSA retaliation); *McMenemy v. City of Rochester*, 241 F.3d 279, 282–83, 283 n.1 (2d Cir. 2001) (NYSHRL retaliation); *Kassman v. KPMG LLP*, 925 F. Supp. 2d 453, 472 (S.D.N.Y. 2013) (NYLL retaliation). To establish a *prima facie* case of retaliation, the plaintiff must demonstrate "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between" (1) and (3). *Littlejohn v. City of New York*, 795 F.3d 297, 315–16 (2d Cir. 2015) (internal quotation marks omitted).

The parties agree that Wilson engaged in protected activity when he asked the hospital, on August 2, 2015, about his status as exempt from overtime pay, which prompted NYP to reclassify him as non-exempt and to compensate him for previously earned overtime. The remaining substantial issues in dispute are thus whether the hospital took adverse employment action against Wilson and whether that action was caused by his complaint.

Wilson points to his dismissal; harassment by his supervisors, Sandra Aldea and Alan Pine; and NYP's alleged failure to offer him overtime assignments after his reclassification as potential adverse actions. We conclude that Wilson has presented insufficient evidence to create a disputed issue of fact with respect to his dismissal and claimed harassment by supervisors, but has presented sufficient evidence to survive summary judgment with respect to his claim that he was not offered opportunities to work for overtime pay following his protected activity.

In a retaliation claim, adverse action must amount to more than "those petty slights or minor annoyances that often take place at work." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). It must be sufficiently "harmful . . . that it could well dissuade a reasonable worker from" engaging in protected activity. *Shultz v. Congregation Shearith Israel of City of New York*, 867 F.3d 298, 309 (2d Cir. 2017) (alteration and internal quotation marks omitted)

3

(quoting *Hicks v. Baines*, 593 F.3d 159, 162 (2d Cir. 2010)). Along with reductions in pay or benefits, a hostile work environment may constitute adverse action. *Richardson v. N.Y. State Dep't of Corr. Serv.*, 180 F.3d 426, 446 (2d Cir. 1999), *abrogated on other grounds by White*, 548 U.S. 53. Wilson's dismissal thus plainly qualifies. *See Fox v. Costco Wholesale Corp.*, 918 F.3d 65, 71 (2d Cir. 2019).

However, Wilson's argument that a jury could find that his overtime query caused his termination is thin. Causation in a retaliation claim can be shown either directly or through circumstantial evidence, usually when the adverse action followed soon after the protected activity. *Zann Kwan v. Andalex Grp. LLC*, 737 F.3d 834, 845 (2d Cir. 2013). This court has not defined "the outer limits beyond which a temporal relationship" ceases to imply causation. *Gorman-Bakos v. Cornell Coop. Extension of Schenectady Cnty.*, 252 F.3d 545, 554 (2d Cir. 2001). But more than a few months is generally too long without some other evidence of retaliation. *Compare Hollander v. Am. Cyanamid Co.*, 895 F.2d 80, 85–86 (2d Cir. 1990) (three months too long to suggest a causal relationship between complaint and putative adverse action), *with Grant v. Bethlehem Steel Corp.*, 622 F.2d 43, 45–46 (2d Cir. 1980) (eight-month gap between EEOC complaint and adverse action suggested causation where defendant failed to show any legitimate justification). Wilson was fired more than eight months after he raised his overtime status with NYP, long enough that he must offer something more to link the two.

He has not. He argues that the unprofessional behavior the hospital said justified his firing was invented by his supervisors. He points, for example—without a trace of self-awareness—to an email he sent to human resources disputing poor assessments in his 2015 performance review that began with a lengthy rebuttal to Aldea's comment that he became "argumentative" upon receiving negative feedback. But Wilson's "subjective disagreement with [his] employer's

4

assessment of [his] performance is not sufficient to demonstrate retaliatory intent." *Zann Kwan*, 737 F.3d at 852 (Parker, J., concurring in part and dissenting in part); *see also Chertkova v. Conn. Gen. Life Ins. Co.,* 92 F.3d 81, 89 (2d Cir. 1996) (employee's assertions of unfair criticism did not support a constructive discharge claim). The record, moreover, supports NYP's explanation. Wilson admits, for example, that during an altercation with Aldea on April 21, 2016, he repeated a comment he alleged another colleague had made to him: that Aldea was so often angry because she was "always on her period." App'x 568. This prompted an internal investigation; Wilson was fired five days later.

Wilson's argument that harassment by Aldea and Pine constituted adverse employment action fails on the merits. The incidents Wilson recounts, in which Aldea and Pine allegedly shouted at, criticized, or ignored him, fall into the category of "petty slights, minor annoyances, and simple lack of good manners" that *White* identified as unactionable. 548 U.S. at 68; *see also Tepperwien v. Entergy Nuclear Operations, Inc*., 663 F.3d 556, 570 (2d Cir. 2011) ("[C]riticism of an employee . . . is not an adverse employment action." (internal quotation marks omitted)); *Ziyan Shi v. N.Y. Dep't of State, Div. of Licensing Servs*., 393 F. Supp. 3d 329, 338–39 (S.D.N.Y. 2019) (yelling and screaming not adverse employment action).

The district court did not decide whether a denial of overtime would have been adverse action, because it found that the record did not support Wilson's assertions on this point. The court declined to credit, for purposes of its summary judgment analysis, Wilson's deposition testimony that in contrast to his coworkers, he was denied the opportunity to work overtime after he was reclassified. Spec. App'x 29-30. The court explained that undisputed records showed multiple occasions, both before and after his reclassification, when Wilson was offered evening or weekend jobs and turned them down. *Id.* Because the court concluded that it conflicted with his prior

5

deposition testimony, the court declined to credit the explanation in Wilson's affidavit that at times after his reclassification Wilson was sometimes assigned to work after hours, but he would then be required to work late or leave work early in order to ensure he did not surpass 40 hours worked in that week. *Id.* 30.

While it is true the "sham issue of fact" doctrine "prohibits a party from defeating summary judgment . . . by submitting an affidavit that contradicts the party's previous sworn testimony," the doctrine is inapplicable here. *Moll* v. *Telesector Res. Grp., Inc.*, 760 F.3d 198, 205 (2d Cir. 2014) (emphasis and quotation marks omitted). Affording Wilson the inferences to which he is entitled as non-moving party, we see no contradiction between Wilson's deposition testimony that he was not permitted "to work all the nighttime gigs *and get paid overtime work for that work,"* Jt. App'x 251, the record evidence that on some occasions he declined opportunities to work after-hours jobs, and his explanation that he could have worked after-hours jobs but not for overtime pay. Jt. App'x 609. *See Palazzo v. Corio,* 232 F.3d 38, 43 (2d Cir. 2000) (explaining that sham affidavit principle does not apply if the deposition and the later sworn statement are not actually contradictory, such as if the later sworn assertion "addresses an issue that was not, or was not thoroughly or clearly, explored in the deposition"). At most, Wilson's affidavit testimony provided clarification or elaboration. *See id.* ("[T]he district court should not disregard the [post-deposition] testimony because of an earlier account that was ambiguous, confusing, or simply incomplete.").

Given Wilson's testimony that the cutoff of overtime opportunities began right after he questioned his FLSA classification, as well as evidence that he worked substantial overtime hours pre-reclassification and none post-reclassification, we conclude that he has created a material issue of disputed fact as to whether NYP retaliated against him for engaging in protected conduct by

denying him opportunities to work for overtime pay. We therefore conclude that this aspect of his FLSA and NYLL § 215 claims survive summary judgment.

Turning to Wilson's hostile work environment claim, our conclusion that the incidents Wilson recounts fall into the category of "petty slights" is dispositive. Treatment that did not constitute adverse action cannot, *a fortiori*, have "create[d] an abusive working environment." *Fox*, 918 F.3d at 74 (cleaned up). "[M]any bosses are harsh, unjust, and rude" without creating hostile work environments. *Alfano v. Costello*, 294 F.3d 365, 377 (2d Cir. 2002).

Finally, Wilson argues that the district court erred in dismissing his NYSHRL sexually hostile work environment claim. It did not. In such a claim, "the plaintiff must establish that the hostile or abusive treatment was because of his or her sex." *Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 175 (2d Cir. 2012). Wilson's allegations—that he saw a co-worker watching pornography in the office, that Pine compared Aldea to a dog and said that another colleague was a "sex addict," and that a co-worker told Wilson that Aldea was angry when she was on her period—were neither directed at Wilson nor related to his sex.

\* \* \*

We have considered Wilson's remaining arguments and find them meritless. We therefore **VACATE** the grant of summary judgment to NYP on Wilson's FLSA and NYLL § 215 retaliation claims insofar as they concerned NYP's alleged denial of overtime opportunities, **AFFIRM** the judgment of the district court in all other respects, and **REMAND** for further proceedings consistent with this summary order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

7