23-7769-cv
*McGowan v. Stanley*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of December, two thousand twenty-four.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GUIDO CALABRESI,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

GREGORY MCGOWAN, ROBERT W. BRUDERMAN, THE JOHN W. TEMPLE REVOCABLE TRUST, AND THE MORRISON FAMILY TRUST, *on behalf of themselves and others similarly situated*,

> *Plaintiffs-Appellants*,

> v.                                                    23-7769-cv

GEOFF STANLEY, DOUGLAS MEADOW, RUBY HOLLOW LLC, AND JOHN DOES 1 THROUGH 10,

> *Defendants-Appellees*,[*]

_____

For Plaintiffs-Appellants:               A. M. RICHARDSON, A.M. Richardson, P.C., New York, NY.

---

[*] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Defendants-Appellees:  D. CRAIG PARRY, Parr Brown Gee & Loveless, Salt Lake City, UT (Thomas D. Atkinson, Ledwith & Atkinson, Lynbrook, NY, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants, previously minority shareholders in Chief Consolidated Mining Company ("Chief"), appeal from the district court's grant of summary judgment in favor of defendants-appellees Ruby Hollow LLC ("Ruby Hollow"), the prior majority shareholder in Chief, and Geoff Stanley ("Stanley") and Douglas Meadow ("Meadow"), Ruby Hollow co-managers and former Chief Directors. Plaintiffs allege that defendants breached their fiduciary duties to Chief shareholders; violated § 10b of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and SEC Rule 10b-5, 17 C.F.R. § 240.10b-5; and violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(b), (c). These claims arise from Ruby Hollow's acquisition of a majority interest in Chief from LeadFX, Inc. ("LeadFX") in December 2018 and defendants' management and eventual sale of Chief to Osisko Development Corporation in May 2022.

At the close of discovery, defendants moved for summary judgment and plaintiffs cross-moved for partial summary judgment on their breach of fiduciary duty claims. The district court denied plaintiffs' motion and granted summary judgment in favor of defendants. On appeal, plaintiffs challenge the district court's finding that there were no genuine disputes of material fact permitting their claims to survive summary judgment and argue that the court ignored admissible

evidence submitted by plaintiffs to support their claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This Court "review[s] the district court's grant of summary judgment *de novo*, construing the facts in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor." *Aponte v. Perez*, 75 F.4th 49, 55 (2d Cir. 2023) (quoting *Ashley v. City of New York*, 992 F.3d 128, 136 (2d Cir. 2021)). "The same standard applies where, as here, the parties filed cross-motions for summary judgment and the district court granted one motion, but denied the other." *Morales v. Quintel Ent., Inc.*, 249 F.3d 115, 121 (2d Cir. 2001). Thus, this Court reviews each party's motion on its merits and draws "all reasonable inferences . . . against the party whose motion is under consideration." *Id*.

The moving party "bears the initial burden of showing that there is no genuine dispute as to a material fact." *McKinney v. City of Middletown*, 49 F.4th 730, 738 (2d Cir. 2022) (quoting *Jaffer v. Hirji*, 887 F.3d 111, 114 (2d Cir. 2018)). But in cases in which "the burden of proof at trial would fall on the nonmoving party, the moving party 'can shift the initial burden by pointing to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim.'" *Id.* (quoting *Jaffer*, 887 F.3d at 114). If the moving party satisfies its burden, the nonmoving party must then "come forward with evidence that would be sufficient to support a jury verdict in its favor." *Id.* (quoting *Burt Rigid Box, Inc. v. Travelers Prop. Cas. Corp.*, 302 F.3d 83, 91 (2d Cir. 2002)).

As relevant here, Rule 56.1 of the Local Civil Rules of the United States District Court for the Southern and Eastern Districts of New York ("Local Rule 56.1") imposes requirements on parties' submissions in support of a motion for summary judgment. This Court "review[s] the district court's adherence to Local Civil Rule 56.1 for abuse of discretion." *Suares v. Cityscape Tours, Inc.*, 603 F. App'x 16, 17 (2d. Cir. 2015) (summary order) (citing *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001)). The rule provides that a party moving for summary judgment must submit a statement setting forth "the material facts as to which the moving party contends there is no genuine issue to be tried," each of which "must be followed by citation to evidence that would be admissible and set forth as required by Fed. R. Civ. P. 56(c)." Local Rule 56.1(a), (d). The nonmoving party must respond by "admitting or denying" each statement, and may, "if necessary," provide a "statement of additional material facts as to which it is contended that there exists a genuine issue to be tried," again supported by citation to admissible evidence. Local Rule 56.1(b), (d). Facts set forth in a moving party's statement "will be deemed to be admitted . . . unless specifically denied and controverted" by the opposing party's response. Local Rule 56.1(c). This Court has instructed that Local Rule 56.1 is "strict." *T.Y. v. New York City Dep't of Educ.*, 584 F.3d 412, 417 (2d Cir. 2009). A district court "may in its discretion opt to conduct an assiduous review of the record," *Holtz*, 258 F.3d at 73 (citation and quotation marks omitted), but district courts are "not required to consider what the parties fail to point out in their Local Rule 56.1 statements." *Id*. (citation and quotation marks omitted).

Plaintiffs bear the burden on each of their claims at trial; accordingly, defendants can, and did, shift their initial burden as the movants by pointing to plaintiffs' lack of evidence supporting essential elements of their claims. *See McKinney*, 49 F.4th at 738. By providing facts indicating a lack of support for essential elements of plaintiffs' claims, accompanied by citation to

4

plaintiffs' depositions and answers to interrogatories, defendants carried their burden. Plaintiffs were therefore required to respond with evidence sufficient to support a jury verdict in their favor. *See id*. They failed to do so.

Plaintiffs' responses to defendants' material facts, with one exception, were not supported with citations to admissible evidence but instead consisted of conclusory assertions or references to their unverified complaint. Such responses do not comply with Local Rule 56.1 and as such, the district court was permitted to conclude that plaintiffs had not offered admissible evidence sufficient to support the essential elements of their claims. Without "a sufficient showing on an essential element of [the] case with respect to which [plaintiffs have] the burden of proof," the moving party is "entitled to judgment as a matter of law." *El-Nahal v. Yassky*, 835 F.3d 248, 252 (2d Cir. 2016) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). And while the district court has the discretion to go beyond the parties' Rule 56.1(a) and (b) statements, we do not require it to do so. *See Holtz*, 258 F.3d at 73. We therefore conclude summary judgment in favor of defendants was appropriate.

While this conclusion may implicitly decide the district court's denial of plaintiffs' motion for partial summary judgment on their fiduciary duty claims, even proceeding to evaluate the evidence offered in the parties' Local Rule 56.1 statements accompanying the motion on the merits, we affirm. Under Arizona law,[1] to succeed on a fiduciary duty claim, a plaintiff must establish both a breach of fiduciary duty and "that the plaintiff was damaged by the defendant's breach." *Wichansky v. Zowine*, 150 F. Supp. 3d 1055, 1064 (D. Ariz. 2015) (citing *John E. Shaffer Enters.*

---

[1] We apply Arizona law to plaintiffs' fiduciary duty claims regarding an Arizona corporation. *See Pereira v. Farace*, 413 F.3d 330, 341 (2d. Cir. 2005) (applying Delaware law to fiduciary duty claims regarding a Delaware corporation).

*v. City of Yuma*, 904 P.2d 1252, 1256 (Ariz. Ct. App. 1995)). Reviewing plaintiffs' Local Rule 56.1(a) statement in support of its motion for partial summary judgment, we find some statements supported by citation to admissible evidence, while others are followed by citation to inadmissible evidence or no citation at all. Upon *de novo* review, we conclude that plaintiffs failed to meet their burden of demonstrating the absence of a genuine dispute of material fact on each element of their claim such that they are entitled to judgment as a matter of law. As such, the district court properly denied plaintiffs' motion for partial summary judgment.

                                    *       *       *

We have considered plaintiffs' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

                                                FOR THE COURT:
                                                Catherine O'Hagan Wolfe, Clerk of Court

6